This case number 417-0706, The People of the State of Illinois v. Keontae Jones. And for the appellant, we have Mr. Fisher. And for the affilee, we have Mr. Manchin. You may proceed, counsel. Thank you, Your Honor. Good morning, Your Honors. May it please the court, counsel. I'm Mark Fisher from the Third District Appellate Defender's Office, and I represent the defendant in this appeal, Keontae Jones. Mr. Jones was originally convicted in a jury trial of three counts of aggravated battery with a firearm, the jury finding that he was guilty by accountability for Eddie Spice's shooting and injuring three individuals in an incident that took place in April 2008. Defendant received three concurrent terms of 16 years' imprisonment each. His convictions and sentences were affirmed by this court on direct appeal. He subsequently filed a post-conviction petition raising a claim of actual innocence based on newly available testimony from Eddie Spice. Eventually, the case proceeded to a third-stage evidentiary hearing. Spice testified, admitted that he was the shooter, but testified the defendant had nothing to do with it and was not present at the scene. At the conclusion of the third-stage hearing, the post-conviction judge denied relief. Defendant raises a single issue in this appeal. He argues that the judge's ruling was incorrect, that Mr. Jones carried his burden at the third stage, and he therefore respectfully asks this court on appeal to reverse the order to deny post-conviction relief and to remand the cause for a new trial. The first thing I would like to discuss this morning is the appropriate standard to apply at the third stage, or put another way, the defendant's burden of proof at the third stage, where he has raised a post-conviction claim of actual innocence based on new evidence. The Illinois Supreme Court, in cases such as Pupil v. Molstad, Pupil v. Silogy, Pupil v. Washington, and most recently in 2013, Pupil v. Coleman, stated that there are four parts to this test or burden for the defendant. One is that the evidence must be newly available or newly discovered. Secondly, it must be material. It must also be non-cumulative. And finally, it must be so conclusive that it would probably lead to a different result at a retrial. Now, I think the first three parts of this test are fairly straightforward, generally somewhat easy to apply, and here the judge found that those first three parts of the test favored the defendant. I think the more complex part of the test that can sometimes give rise to some confusion is the requirement that the new evidence be so conclusive that it would probably result in a different verdict in the event of a retrial. Now, personally, given that language, that standard seems incredibly high, and it sounds almost as if perhaps the defendant has to establish his innocence in order to be awarded a new trial, and that is not the case. In the four Supreme Court cases that I mentioned, the Supreme Court has clarified the standard attempting to interpret what those words mean and to provide guidance to courts and litigants in terms of applying the standard. And what the Supreme Court has said is that the defendant at the third stage need not establish his innocence, and the post-conviction judge at the third stage need not determine whether the defendant is innocent or guilty in deciding whether to order a new trial. Rather, what the defendant must show is that the new evidence is so compelling and paints the case in a new light such that it tends to undermine confidence in the original verdict. And therefore, under those circumstances, if he can show that justice would be served by ordering a new trial, whereby the new trial, in fact, could consider the new evidence in addition to deciding the original trial court evidence in deciding the defendant's guilt or innocence. Now, in 2012, this court decided a case, People v. Davis, which was cited with approval by the Supreme Court in Coleman, and I think this court got it exactly right in Davis. Your Honor said there that the phrase probably changed the result on retrial. It does not mean that the defendant more likely than not would be acquitted at a new trial. But the likelihood of a different result is great enough to undermine confidence in the outcome of the original trial. Mr. Jones submits that the new evidence here paints this case in a new light so that the Now, the judge, the post-conviction judge here, stated the correct standard, be so conclusive and probably result in a new trial. However, he also stated another standard that was urged by the prosecutor in the post-conviction court, and that was that the defendant had the burden here of establishing that no rational trial, in fact, hearing the new evidence, could or would find the defendant not guilty at a new trial. The State on Appeal argues that this second or alternative standard is a correct restatement or interpretation of the so conclusive probably result in a new trial standard, and that actually is not the case. The State has twice argued to the Illinois Supreme Court in both Washington and again in Coleman that the standard of the third state should be that no rational trial, in fact, could find the defendant guilty if that rational trial, in fact, considered the new evidence. In both of those cases, the Supreme Court rejected that argument. In Washington, Justice McMurrow authored a special concurrence in which he said if that were the standard, the relief would seem to be outright reversal, and yet the relief at a third state post-conviction hearing, if the defendant succeeds, is of course a new trial. It's also important to point out that in both Coleman and in Molstein, the Illinois Supreme Court specifically said in those cases that the evidence presented at the original trials was sufficient to convict, and yet in both cases, the courts remanded, ordered new trials based on the new evidence. So the no rational trial or fact standard simply does not apply here, but it appears that's what the judge applied in addition to that. The post-conviction judge said that Eddie Spice's testimony, that the defendant was not at the scene, had nothing to do with the shooting, failed to negate the evidence presented by the prosecution at the original trial. That's just not the standard. It doesn't have to negate it. Only a new trial or fact could ultimately decide where the truth lies. Again- Well, counsel, let me ask you this. We know at the third stage that the trial court is to make and allowed to make credibility determinations. How does that affect our analysis in this matter? Well, certainly the judge made a credibility finding here, and that's one thing I wanted to address this morning. Yes, he found that Mr. Spice was not a credible witness. He gave some reasons behind his conclusion, and I would submit to this court that those reasons were highly questionable and not sufficient. One thing the judge seized on was the fact that Mr. Spice testified at the post-conviction hearing that the car that brought him to the scene of the shooting was purple. All of the evidence at trial was that the car was white. The judge cited that as one reason to disbelieve Eddie Spice. Now, one important thing to note here is that some 11 years elapsed from the time of the hearing, and so given that passage of time, I don't think it's unusual that someone might misremember or forget exactly what the color of the car was, but beyond that, I would say it was a rather minor and collateral point. There was also no particular showing whether he had ever previously been in that automobile prior to the day of the incident. He might have, but he wasn't asked, and there was no particular testimony about that. So I think that's really a very, very minor point. Now, again, Mr. Spice testified that the defendant was not the driver of the vehicle, and that was the prosecution's theory in the trial court, that, in effect, Jones was the getaway driver, drove the shooter to and then away from the scene of the offense. So Spice testifies, no, the defendant wasn't the driver, someone else was. So he was questioned by the prosecutor, okay, if it wasn't Jones who was the driver, who was the driver? And at that point, Mr. Spice refused to divulge the identity of the man he claimed actually drove the car. The judge said this was evidence to him or an indication to him that Spice was simply making it up as he went along. Now, one important thing about Eddie Spice is that he testified he'd never met the defendant, didn't know the defendant before that day, and it was uncontradicted, that testimony was uncontradicted. There was absolutely no showing that he had anything to gain or benefit from coming forth and testifying on the defendant's behalf. I would therefore, number one, submit to this court that it was, assuming he was truthful, that it was a very civic-minded thing for him to do here without any benefit to gain. Now, I would acknowledge that refusing, again, assuming his truthfulness, refusing to divulge the identity of the actual driver was somewhat less civic-minded. At the same time, I think it's human nature. Presumably he was friends with this individual, this individual had not been charged, he didn't want to give him up, and I would submit that that does not destroy his credibility here. I would also ask you to consider... Is it unreasonable for the trial court to assume that he just doesn't want to identify the defendant or testify to a fact which perhaps could easily be proven to be false and subjecting himself to perjury? Other than what this response says, I mean, there's no indication whether it was true or false. Now, interestingly, assuming, apparently, he was an acquaintance or, again, assuming his truthfulness, this is his testimony, he knows the driver of the car is at least an acquaintance, perhaps a friend doesn't want to give him up. Now, just by coming forward on the defendant's behalf and saying that, that in and of itself could potentially endanger this individual because if that's believed, maybe further investigation is done and, okay, well, who was this other person? Whereas if he doesn't come forward at all and the man he says is the driver of the car has not been charged, presumably wasn't even investigated, there's going to be less of a chance now that this person is going to be investigated or charged. By testifying as he does, he creates a greater likelihood that this person might be investigated or charged. There's nothing different. Because now he's told, he's sworn in a court of law, there's somebody else that you guys haven't found who actually was the driver of the automobile. And that narrows it down how? Well, just by coming forward and saying that, if it's found to be credible, maybe there's an additional investigation as opposed to the person hasn't been charged, hasn't been convicted, other people have. So if there's another, a different driver, he's gone away. He's scot-free. He's out of the picture. And presumably no danger of him ever being found or prosecuted. So I think that lends some credibility to Spice's testimony. Now, in the Coleman case, five individuals came forward to testify on the defendant's behalf at the post-conviction hearing. They all testified. They committed the crime. But the defendant was not involved. This was a claim of actual innocence. The Supreme Court, in deciding the case, said, among other things, that the testimony of those witnesses at the post-conviction hearing contained some inconsistencies, contained some discrepancies. Court also noted there were some other credibility problems with those other individuals, potential credibility problems, because they all had criminal records, something which Mr. Spice, by the way, was not shown to have. They all knew the defendant, something that Mr. Spice gave on contradicted testimony he did not. And I think three of the five testified they had ingested drugs and alcohol prior to the incident. So the court noted some serious credibility problems with those witnesses I would submit to this court, much more serious than the credibility problems discussed by the judge here as to any Spice. Nonetheless, although the court said the evidence at trial was sufficient to convict, that included the testimony of two individuals who were alleged victims in the case, who identified the defendant at trial as one of the intruders into their home, and who also both testified they'd known the defendant for several years. Nonetheless, despite that testimony, and despite these credibility problems noted by the Supreme Court, the Supreme Court concluded that these new witnesses painted the case in a new light, presented compelling evidence undermining confidence in the verdict, and therefore the court ordered a new trial. Again, the facts of every case are different. There's no question about that. But, again, I think the credibility problems with the witnesses there were much more serious. The credibility problems seized on by the judge here were extremely minor. And, again, very importantly, no advantage apparently was gained by Mr. Spice by coming forward in this case. I'd also like to talk a little bit about some of the evidence at trial. I know Your Honors no doubt reviewed the record in the briefs, but the judge spoke about the evidence at trial. And the judge, from what the judge says, it's perhaps easy to conclude or to assume that the evidence at trial was overwhelming, that this was open and shut case. And, in fact, it was not. Several witnesses were called to testify, some by the state, some by the defense. Some of the state's witnesses made inconsistent statements. For example, one of the three shooting victims identified Keyati Jones as being in the car with the shooter. However, at the scene, she told police the four people who were in that car and none of those four individuals were Keyati Jones. They were different people. So that's an inconsistent statement. Eric Clark Pfeiffer was a witness who was called who testified that he was in the car that day. And he ultimately testified that the defendant was in the car. However, Clark Pfeiffer actually testified twice at this trial. The first time he testified, he said he was in the car with two other people and that the defendant was not one of those people. After brief testimony, he was excused from the stand. Later that day, the prosecutor told the judge Mr. Clark Pfeiffer would like to testify again. He was recalled. This time he testified that he was in the car with three other people, one of whom was the defendant. And after his testimony, he was released from custody on the motion of the state. He was never prosecuted. So there were problems with the state's case at trial. This was not an overwhelming case. It wasn't a physical evidence case. In addition to that, several police officers testified at trial that they responded to the scene, investigated, spoke to a lot of witnesses, and nobody at the scene mentioned the defendant's case. So it's meant that the evidence was close. If you consider Spice, it's even closer. Another important thing to point out is that the post-conviction judge was not the original trial judge. Therefore, he couldn't compare and contrast Spice's credibility with the original trial court witnesses. Just as this court is limited to the transcripts, so, too, was the judge. As I say, there was some evidence presented by the defendant at trial. The defendant testified he didn't do it, said he was several blocks away at the apparent time of the shooting, was having car trouble. That was corroborated by a witness, Jamie Smith, who testified he'd never met the defendant prior to that day. But Smith testified he saw the defendant with his car, had the hood up, talked to him, said he was having car trouble. This was some corroborating evidence of the defendant's testimony. So it wasn't just the defendant testifying at trial, I didn't do it. As in many cases with multiple witnesses, you get different stories, different perspectives. Counsel, on that point, didn't we have a conflict in that, and I can't remember specifically who, but you mentioned this testimony about the defendant having car trouble and being on the side of the road, but then wasn't there also testimony, I don't know, maybe it was by a defendant, basically saying the car was acting up, but never testifying that it had been pulled over to the side of the road, that it was just acting up. Well, he said that he drove to his sister's apartment that they visited for a car, there was testimony from the mechanic and his girlfriend that he was having car trouble in and around this period of time. Apparently during the course of that day he was able to get the car going at times, but apparently it kept dying on him. He claimed that Clark Pfeiffer, who he knew from the neighborhood, ran up to him, asked him for a ride. As he was driving. He said he was stalled on the side of the road. That's as he was stopped, waiting for the car to cool down to continue his journey, apparently, to the mechanic. Spice, however, says that they flagged him down. That's it. That he flagged down. Yeah, now flagged down is an interesting comment because, of course, many people would interpret that to mean you've got a moving car and somebody says, hey, stop. Some might take that to mean, well, he's there and they asked him for a ride. Somewhat unclear. I don't think they actually ever questioned Spice. Well, by flagged down, do you mean the car was moving? Never got all that specific. But the defendant said at trial that Clark Pfeiffer comes running, says, can you give me a ride? But the defendant initially told him, I'm having car trouble. I don't think I'm going to be able to get you anywhere. But that Clark Pfeiffer was insistent. And so he said, okay. And the car said, can you give my other buddies a ride, too? And the defendant said, okay. And then everybody gets in the car. And this is Jamie Smith who corroborated the defendant's testimony that the defendant was having car trouble. Counsel, I'm sorry. You're out of time. I'm sorry. You will have additional time on rebuttal. I'm sorry. Thank you, Your Honor. Mr. Manchin, feel free to take your time. Good morning, Your Honors. This is court counsel. In this case, the defendant's primary claim is that the trial court applied the wrong standard and that the manifest way to the evidence test should not be applied. I submit if you look at the trial court's findings, he did, in fact, apply the correct standard. He set out the four-point test that's applied in all cases and then adds the additional language about no reasonable juror. That's the same test that has been used by the Supreme Court and the appellate court, including this court, to say that new evidence does not warrant post judicial relief in terms of a successive petition, in terms of an initial first-stage dismissal, and in terms of a dismissal on a state's motion. I have cited several cases in my brief to that point, including this court's case in People v. Green, where this court set out the four-step process and then adds the language, the documentation must set forth a color book claim of actual innocence. In other words, they must raise the probability as more likely than not no evidence. This, of course, is the decision of People v. Green. Where you have so many appellate courts and the Supreme Court using this exact same language that the trial court used in determining the validity of the defense post-substitution petition, it cannot be said that he applied the wrong standard. The determination that no probable juror would convict is just a different way of stating that the testimony is so conclusive as to raise a doubt as to the validity of the claim. So I submit that the trial court did, in fact, apply the correct standard. He set out the four stages, four-step test that counsel relies upon, and then adds an interpretation of the fourth one being no reasonable jury. And that has been approved and used by the appellate courts in a number of cases. So the argument that there is a wrong standard of review by the trial court simply should be rejected by this court. With respect to the defendant's claim that the evidence somehow below was closely balanced or on direct appeal, one of the issues in this case, one of the issues in this case was the trial court's conduct of voir dire, questioning of the jury regarding the four basic principles of law. Zero. Zero. And this court expressly held that it was no plain error in that case because the evidence was not closely balanced. So his claim that the evidence somehow was close has already been rejected by this court on direct appeal. With respect to Mr. Spicer, the whole claim of newly discovered evidence hangs on whether or not you believe Mr. Spicer's testimony that the defendant just happened to be in the area and they flagged him down after the shooting. The testimony given by Spicer was inconsistent with all the testimony at the trial as just as your Honor noticed, Justice Solder, with regard to whether the defendant said he was parked and they came up to him and they claimed that Spicer said that way he flagged him down. That's inconsistent. It's also inconsistent with the color. The trial court simply did not believe Mr. Spicer. He said you're making it up as you're going along. There is simply no basis on which this court to substitute a judgment for the trial judge who saw Mr. Spicer's testimony and just did not believe him. A Spicer was inconsistent with the color of the purple car and he was specific. It was a purple Grand Am two-door that four guys piled out to engage in a shooting. And the testimony at trial was that the car was a white car. So the trial court rightly said this claim about a purple car raises flags for credibility. His testimony was also inconsistent with the defendant's testimony as to how this happened. The defendant said he was still parked when the police pulled up and pulled him over. Spicer said they were moving, they were pulled over. There was an inconsistency between Spicer and the defendant regarding who got out of the car, in what order, and who was arrested first and the like. So I submit that the trial court's assessment of the credibility of Spicer's witness was correct. This sudden change of heart to get an innocent man off is just simply not credible. The court was correct in finding that Spicer's unwillingness to name this person shows that he's making it up. The trial court expressly addressed this question of do I buy this that I'm trying to protect someone? He says, no, I don't buy it. I think you're making it up as you're going along. That was the court's express language. It was on 1223 and 1224 of the record where he says that the other scenario is that there's no other person beside the defendant who was the driver and that's the other scenario, the second scenario that the court, based on Spicer's testimony, is finding was the defendant. Basically, Mr. Spicer was making it up as he went along. That's a direct quote from the trial court. So I submit that the trial court determination that after an evidentiary hearing was simply not against the manifest way of the evidence. Spicer's testimony was largely cumulative of other evidence presented in the trial. The defendant's whole defense at trial was that he was driving in the area, his car broke down and these guys ran up on him and the police pulled him over immediately after they hopped in the car. Spicer, who says nothing about the defendant's presence before or after the shooting, just says that he picked them up after the shooting. The same type scenario. So it's cumulative of what was already before the jury. It's also inconsistent with all the other testimony at trial, including the defendant's. So I submit that the trial court's determination that Spicer's testimony was not so conclusive as to require a new trial. If there are no further questions. I don't see any at this time. Thank you, counsel. Thank you, Ernest. Mr. Fisher, any rebuttal? Yes, thank you, Your Honor. First of all, returning to the issue of the correct standard to be applied, I would invite this court to take a close look at Washington and, again, the more profound decision in People v. Davis. Now, counsel talks about the no rational prior fact being the correct standard. The courts distinguish between, number one, an original petition or an amended original petition and a successive petition. And if it's a successive petition, what the defendant must show in order to be with the standard at the third stage evidentiary hearing. The Illinois Supreme Court, I believe particularly in Edwards and Sanders, has said that where a defendant files a successive petition alleging actual innocence based on new evidence, he must make a colorable claim of actual innocence that includes a showing that no rational prior fact, considering the new evidence, would vote to convict. But the Supreme Court has been very clear that where a post-conviction petition alleging actual innocence proceeds to a third stage evidentiary hearing as it did here, that simply is not the standard. And that's exceedingly clear from the special concurrence in Washington by the Illinois Supreme Court in the Coleman case, saying that's the reasonable doubt standard. That's the type of standard this court would consider on direct appeal where a defendant is making a reasonable doubt claim, but a rational prior fact, find the defendant guilty. And, again, it's important to note that both in Molstad and Coleman, Supreme Court in both of those cases specifically said that the evidence at trial was sufficient to convict. Nonetheless, based on the new evidence, this man's entitled to a new trial because the new evidence undermines confidence in the original verdict, puts the case in a different light. So order a new trial, allow the prior fact to consider the new evidence and the original evidence, whatever other evidence the parties might want to present, and allow the prior fact now to make a reasoned decision based on all of this evidence. Counsel is correct that in the direct appeal, this court also rejected a reasonable doubt argument in the direct appeal. But counsel is correct that this court also confronted and rejected a 431B Zerr argument, and in so doing said that the evidence was not close. Now, I would respectfully disagree concerning all the evidence here, but at this point we have more than just that original evidence. We also have Spice's testimony. That was not before the original trial. In fact, it was not before this court at the time that the direct appeal was decided. So I think that's something that's important to consider. Counsel argues Mr. Spice's testimony was cumulative. First of all, the judge found that this was non-cumulative. The only real dispute in the post-conviction court was the fourth part of that standard, whether it was so conclusive. I guess it's cumulative to the extent that it corroborates the defendant's testimony, but in Malstad, the new witnesses corroborated the defendant's trial testimony as well as the testimony of his alibi witnesses. So merely the fact that we now have testimony corroborating defendant's trial testimony doesn't make it cumulative so that it undermines the test or the burden that the defendant must meet. Counsel, would you agree that let's assume that the trial court did not use the proper standard? If we were to find, based on our review of the record, that utilizing the proper standard the defendant did not make the necessary showing, you still lose, correct? That's correct. That's correct. I argue to this court that this court should be skeptical of and, in fact, should pay no deference to the post-conviction judge in part because he used the wrong standard and perhaps overlooked or forgot some of the trial evidence as well as Mr. Spice's testimony, but whether or not your honors agree with that. Even if your honors say, no, we think he used the right standard. I still argue, based on the evidence here, based on the record here, respectfully that this court should grant a new trial. And so, of course, if this court, separate and apart from the judge's comments, feel that the record did not support the claim for relief here, then yes, your honors. Words I would lose and your honors could affirm. The counsel argues that Spice's testimony was inconsistent. Counsel, since I interrupted you with a question, I'm going to let you finish your last thought, but you do have a red light. Thank you, your honor. Thank you, your honor. I will attempt to be very brief. I appreciate your honor's patience. Yes, there were inconsistencies between Spice's testimony and testimony certainly presented by the prosecution at trial. If there were, there would be no basis for a claim of actual innocence. It was completely consistent. What I want to briefly mention, and I alluded before to the testimony of this who lived in the area where he saw the defendant's car prior to the incident, talked to him, said he was, the defendant said he was having car trouble, didn't know the defendant from Adam prior to that day. He also testified that shortly after that he saw three individuals running through the neighborhood, I think through a neighbor's yard, and then later saw them in what he believed was the defendant's car. He said one of those individuals was wearing a black tank top. There was testimony at trial that Eddie Spice was wearing a black tank top. So the interest in that testimony was not referenced by the judge during the post-conviction hearing. I would ask this court to consider it. But I think there was a fair amount of evidence corroborating the defendant at trial consistent with what Mr. Spice now says. Adequate or sufficient to decide that Mr. Jones met his burden here, and for all these reasons the defendant respectfully asks this court to reverse the judge's order and to remand for a new trial. Thank you very much, Mr. Fisher. Thank you. We'll be in recess and take this matter under advisement.